**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

:

           **Case No. 2:26-cr-4 (3)**

**v.**           **Chief Judge Sarah D. Morrison**

**RHONDA SPARKS,**

:

      **Defendant.**

**OPINION AND ORDER**

This matter comes before the Court for consideration of Defendant Rhonda Sparks' Motion to Continue Trial Date (ECF No. 55).[1] The jury trial is currently scheduled for July 6, 2026. (ECF No. 43.)

In support of the Motion, counsel avers that Ms. Sparks experienced a serious medical emergency and was admitted to the hospital on June 24, 2026. (ECF No. 55, PAGEID # 215.) She requires emergency surgery and remains hospitalized in the interim. (*Id*.) Counsel requests the continuance to allow Ms. Sparks time to sufficiently recover and meaningfully participate in these proceedings. (*Id*.) Because Defendants Ashton Darks and Byron Banks filed motions to suppress (ECF Nos. 45, 51) that remain pending, Ms. Sparks' speedy trial rights are currently tolled. *See*

---

[1] A day prior to filing the instant Motion, Ms. Sparks filed a Motion to Continue based on ongoing plea negotiations. (ECF No. 54.) That Motion (ECF No. 54) is **DENIED as moot**.

*United States v. Richards*, 164 F.4th 508, 515 (6th Cir. 2026). The Court finds the Motion well taken.

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial … shall commence within seventy days' after the arraignment, 18 U.S.C. § 3161(c)(l), but lists a number of exclusions from the 70-day period[.]" *United States v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider several factors, including whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court will set a trial date outside the Speedy Trial Act's 70-day rule because "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court sets forth the following findings:

1. The Court is available to try this case on July 6, 2026, beginning at 9:00 a.m.

2. The failure to grant the requested continuance would deny Defendant's counsel and counsel for the Government reasonable time necessary for

2

effective preparations, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

3. The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given these enumerated findings, the Court **GRANTS** the Motion (ECF No. 55). The Court vacates the trial date until further notice.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**